UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. DUNHAM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No. 18-cv-04467-EDL<br><br>**ORDER RE DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 51 |

In this civil rights action, Defendant California Forensic Medical Group, Inc. ("CFMG") moves to dismiss the First Amended Complaint ("FAC") against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Having heard oral argument on August 13, 2019, and having considered the papers filed in support of and in opposition to the motion, the Court hereby GRANTS the Motion to Dismiss.

## I. FACTUAL BACKGROUND

Plaintiff claims that at the time of his arrest on August 20, 2016, he was suffering from alcohol withdrawal or at high risk for withdrawal. FAC ¶¶ 10-11. He had been fighting alcohol addiction and habitually consumed approximately 2 liters of liquor per day. Id. at ¶ 11. Plaintiff alleges that despite this severe alcohol problem, the deputies who performed the intake interviews and screening of Plaintiff concluded that Plaintiff showed no signs of drug or alcohol use. Id. at ¶¶ 13-14.

On the night of August 23, 2016, while in pre-trial detention at Monterey County Jail, Plaintiff claims he displayed clear signs of untreated severe alcohol withdrawal, including hallucinations, severe anxiety, disorientation to time and place and incoherent mumbling. FAC ¶ 19. Due to the discomfort and dehydration caused by alcohol withdrawal, Plaintiff told deputies

repeatedly to get him a bedroll and a cup for water. Id. When Defendants encountered Plaintiff, he was in a hallucinogenic state. Id. at ¶ 22. Defendants claim Plaintiff began acting and speaking irrationally and threatened to harm himself. Def.'s Mot. Strike 2, Dkt. No. 47. The responding Monterey County Sheriff's Deputies determined Plaintiff posed a danger to himself and should be psychologically evaluated. Id. The deputies attempted to move Plaintiff from his cell to a safety cell or the jail infirmary. Id. Defendants claim Plaintiff refused to cooperate, and when the deputies entered into Plaintiff's cell, Plaintiff violently resisted them for an extended period of time. Id. Defendants claim Plaintiff kicked, hit, and attempted to bite the deputies. Id. at 3. Plaintiff claims that the responding Monterey County Sheriff's Deputies violently and repeatedly beat and tased him. Compl. 6.

Following the August 23, 2016 incident, Plaintiff was admitted to Natividad Medical Center Emergency Department. FAC ¶ 28. In addition to his head injuries and multiple chipped teeth, Plaintiff was diagnosed with paranoid psychosis and severe alcohol withdrawal delirium. Id. at ¶ 31. On August 24, 2016, Plaintiff was discharged from the emergency department, but Plaintiff remained admitted at Natividad Medical Center for acute alcohol withdrawal. Id. at ¶ 34. Plaintiff was treated in the ICU and then later discharged on August 27, 2016. Id. Plaintiff was subsequently released from custody on August 29, 2016. Compl. 1.

## II. PROCEDURAL HISTORY

On July 24, 2018, Plaintiff filed the original Complaint *pro se* against defendants Shannon Anadon, Justin Holloway, Joshua D. Gardepie, Ala H. Najem, Zachariah Swift, and D.E. Vargas (collectively, "Defendants"), alleging two separate causes of action for excessive force pursuant to 42 U.S.C. §1983. Compl., Dkt. No. 1. The Complaint alleged that on or around August 23, 2016, he was assaulted in his cell at the Monterey County Jail by the named defendant deputies and "brutally beaten and tased numerous times." Id. at 6. The Complaint stated that Plaintiff was simply requesting a bedroll and was not a danger to himself or anyone else during this incident. Id.

On January 28, 2019, Plaintiff obtained counsel. Dkt. No. 27. On May 29, 2019, Plaintiff filed a First Amended Complaint ("FAC") to add, *inter alia*, CFMG as a defendant in a new

§ 1983 claim of deliberate indifference to serious medical needs pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). FAC ¶¶ 54-59.

On July 3, 2019, CFMG filed the present Motion to Dismiss the First Amended Complaint, arguing that Plaintiff's FAC is barred by the statute of limitations and does not relate to the original Complaint, and thus, Plaintiff's FAC fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 51. On July 17, 2019, Plaintiff filed his opposition, arguing that the requirements under Rule 15(c)(1)(C) for relation back have been satisfied and that the statute of limitations should be tolled pursuant to California Code of Civil Procedure § 352.1 and the doctrine of equitable tolling. Dkt. No. 55. On July 24, 2019, CFMG filed its reply and argued again that the FAC is barred by the statute of limitations and does not relate back to the original Complaint. Dkt. No. 57.

On August 13, 2019, the Court heard oral argument and ordered the parties to submit further briefing regarding the issue of tolling. Dkt. No. 61. On August 20, 2019, CFMG filed a supplemental brief, arguing that California Code of Civil Procedure § 352.1 provides no express tolling of the statute of limitations for Plaintiff and that the claim against CFMG should not be tolled by equity because, *inter alia*, CFMG did not receive timely notice of Plaintiff's claim. Dkt. No. 62. On August 27, 2019, Plaintiff filed his reply to the supplemental briefing, conceding that § 352.1 does not apply but arguing that equitable tolling should apply because, *inter alia*, notice should be imputed to CFMG as an agent of Monterey County.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005). Conclusory allegations or "formulaic recitation of the elements" of a claim,

3

however, are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681.

**IV.    DISCUSSION**

The parties do not dispute that, absent relation back and tolling, the statute of limitations on Plaintiff's § 1983 claim against CFMG had expired at the time Plaintiff filed the First Amended Complaint. Def. Mot. 3-4; Pl. Opp. 3. The parties also now agree that statutory tolling does not apply. Def. Supp. Br. 1-3; Pl. Supp. Br. 1. Instead, the parties dispute (1) whether Plaintiff's FAC relates back to his original Complaint, (2) whether equitable tolling applies, and (3) whether CFMG's statute of limitations defense is properly raised by a motion for summary judgment rather than dismissal. The Court addresses each below.

**A.    Relation Back**

Plaintiff argues that his FAC relates back to his original Complaint, **so his** § 1983 claim against CFMG is not timed barred. Under Federal Rule of Civil Procedure Rule 15, a new defendant may be made party to an existing complaint if (1) the claim arose out of the same conduct, transaction, or occurrence; (2) the new defendants received sufficient notice of the original action within 120 days so as not to be prejudiced in defending on the merits; and (3) the new defendants knew or should have known that "but for a mistake concerning the proper party's identity" the complaint would have included them. Fed. R. Civ. P. 15(c)(1)(C); Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 545 (U.S. 2010).

**1.    Same Conduct, Transaction, or Occurrence**

Rule 15 provides in relevant part that an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Ninth Circuit looks to whether the original and amended claims "share a common core of operative facts" and applies the standard "liberally." ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). However, as explained by the Ninth Circuit, there are limits to the doctrine. For example, an amended claim must be amenable to proof "by the 'same kind of evidence' offered in support of the original pleading," Percy v. S.F. Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988) (citation omitted), and an "entirely new claim for compensation

discrimination unrelated to [existing] promotion, hostile work environment, and retaliation claims" did not relate back even where both the new and existing claims were based on alleged racial discrimination, Williams v. Boeing Co., 517 F.3d 1120, 1133 & n.10 (9th Cir. 2008).

Here, the two claims do not arise from the same conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. In his original Complaint, Plaintiff alleges excessive force by the sheriff's deputies and makes no reference to his medical condition, except for stating that he was never a threat to himself, other inmates, or deputies. See Compl. 4-8. The Complaint alleges that Plaintiff was beaten in response to his "making numerous attempts to request a bed roll and a cup." Compl. 6. Although Plaintiff now amends his allegations to assert that the incident was caused by delirium tremens which resulted from untreated alcohol withdrawal, none of these facts were outlined in the original Complaint. See, e.g., FAC ¶¶ 18-22. Furthermore, Plaintiff's new claim against CFMG is based on events that occurred leading up to the excessive force incident that implicate CFMG's policies, procedures, and training for screening and treating inmates suffering from alcohol withdrawal or at high risk of alcohol withdrawal. See, e.g., FAC ¶¶56-58; Pl. Opp. 5. These allegations do not concern whether the deputies subsequently used excessive force when restraining Plaintiff.

Plaintiff contends that his medical records can be used to prove both his original excessive force claims and his amended claim against CFMG for deliberate indifference. Pl. Opp. 4-5. CFMG counters that other additional evidence will be necessary to prove the medical deliberate indifference claim, such as medical policies and procedures related to alcohol withdrawal, expert witnesses on correctional medicine and addiction, CFMG healthcare providers, and different medical records. Def. Mot. 4. Conversely, the evidence proving plaintiff's excessive force claim would likely consist of Monterey County and Sheriff's policies and procedures regarding the use of force, expert witnesses on correctional justice, the lay testimony of deputies and inmates who witnessed the use of force incident, and medical records of his injuries but not of his alcohol dependency. Id. Neither claim will be proven by the medical records alone, so the medical records are insufficient to establish that the claims arise out of the same conduct, transaction, or occurrence.

For the reasons stated above, the newly added § 1983 claim against CFMG in the FAC does not arise out of the same conduct, transaction, or occurrence set forth or attempted to be set out in the original Complaint.

### 2. Notice and Prejudice

Rule 15(c)(1)(C) requires that "within the period provided by Rule 4(m) for serving the summons and complaint," the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits." F.R.C.P. 15(c)(1)(C). "Informal notice is sufficient if it allows the defendant the opportunity to prepare a defense." Abels v. JBC Legal Grp., P.C., 229 F.R.D. 152, 158 (N.D. Cal.2005) (citing Craig v. United States, 479 F.2d 35, 36 (9th Cir.1973)). "Notice can be imputed if there is sufficient agency or 'community of interest' between the defendant served and the new defendant." Id. (quoting G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1501 (9th Cir.1994)). Notice is only imputed to a "sufficiently related party." Sciavone v. Fortune, 106 S.Ct.2379, 2384 (1986), citing Hernandez Jimenez v. Calero Toledo, 604 F.2d 99 (1st Cir. 1979). Sciavone based its language on Hernandez Jimenez. In Hernandez Jimenez, the First Circuit explains the basis for the "related party" language and defines the "identity of interests concept" which provides:

> The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced. The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate.

Hernandez Jimenez v. Calero Toledo, 604 F.2d at 102-103 (citations omitted).

With regard to notice, CFMG argues it had no notice of Plaintiff's claim prior to the filing and service of the FAC. Def. Mot. 10. Plaintiff argues that an inference should be made in his favor that CFMG had the requisite notice, since "CFMG worked hand-in-hand with the Jail, providing medical and mental health services to inmates." Pl. Opp. 9 (citing FAC ¶ 8). However,

there is no basis to infer Monterey County gives its contracted businesses notice of legal claims when those claims are outside the scope of the contracted services. According to CFMG, although these entities share physical space in the jail, they occupy two entirely different realms of government function. Def. Reply 7, Dkt. No. 57. The original claims against Monterey County Sheriff's deputies were for excessive force, and the allegations did not raise any issues with medical or mental health services to inmates. As a result, there is no basis to infer that CFMG had notice of any claims of misconduct related to the medical care Plaintiff received. Accordingly, the Court finds that there was no actual or imputed notice to CFMG based on CFMG's relationship with the jail.

With regard to prejudice, CFMG argues that it is prejudicial to force it to defend this case when the litigation appears largely complete. Def. Mot. 11. While CFMG correctly points out that the original Complaint was filed on July 24, 2018, discovery has commenced, and certain defendants have filed for summary judgment, the Court disagrees that the litigation is largely complete. The Case Management and Pretrial Order, entered on February 25, 2019, allowed the parties to join other parties no later than April 22, 2019. Dkt. No. 36. The parties stipulated to allow Plaintiff to file an amended complaint by May 29, 2019, since the other defendants required additional time to respond to Plaintiff's discovery. Dkt. No. 43. Plaintiff filed his FAC by May 29, 2019, and CFMG filed its motion to dismiss on July 3, 2019. Dkt. No. 51. Fact discovery does not close until December 13, 2019, and the dispositive motion hearing is February 11, 2020. Thus, CFMG still has time to defend against the FAC.

Case scheduling aside, CFMG does not argue that it would be prejudiced in defending the case or in terms of gathering evidence and preparing its case. Accordingly, the prejudice to CFMG is minimal.

### 3. Mistake Concerning the Proper Party's Identity

Finally, Rule 15(c)(1)(C) requires that the newly added defendant knew or should have known (within the Rule 4(m) period) that, "but for a mistake concerning the proper party's identity," they would have been named in the original pleading. F.R.C.P. 15(c)(1)(C). The plaintiff seeking relation back must show knowledge by a defendant of the plaintiff's mistake.

F.R.C.P. 15(c)(1)(C)(ii). "Rule 15(c)(1)(C)(ii) asks what the prospective <u>defendant</u> knew or should have known during the Rule 4(m) period, not what the <u>plaintiff</u> knew or should have known at the time of filing her original complaint." <u>Krupski</u>, 560 U.S. at 548 (U.S. 2010) (emphasis in original). If a plaintiff makes a deliberate choice to sue a certain defendant and not another, "while fully understanding the factual and legal differences between the two parties," Rule 15(c)(1)(C)(ii) cannot be satisfied. <u>Id.</u> However, a "deliberate but mistaken choice" by the plaintiff does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied. <u>Id.</u> at 549 ("As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression.").

Plaintiff contends that there is no evidence that Plaintiff was aware of the different roles between CFMG and Monterey County Jail, or that CFMG existed. Pl. Opp. 7. As a result, Plaintiff's "deliberate but mistaken choice" in not including CFMG in the original Complaint does not foreclose a finding that Rule 15(c)(1)(C)(ii) is satisfied. However, Plaintiff fails to establish that CFMG knew or should have known that but for such a mistake in identity, Plaintiff would have named CFMG in the original pleading. As explained above, the allegations of excessive force do not relate to newly added claims concerning CFMG's policies, procedures, and training for screening and treating inmates suffering from alcohol withdrawal or at high risk of alcohol withdrawal. Thus, there is no adequate basis to impute or infer knowledge to CFMG based on the original Complaint.

Accordingly, the Rule 15(c) factors have not been satisfied and the newly added claim against CFMG in the FAC does not relate back to the original Complaint.

### B. Equitable Tolling

Plaintiff also argues that the statute of limitations as to his claims against CFMG should be equitably tolled. The statute of limitations for 42 U.S.C. §1983 actions **is governed** by the state's general personal injury statute of limitations. <u>Owens v. Okure</u>, 488 U.S. 235, 236 (1989). "Because we borrow California's statute of limitations, 'we also apply California's equitable tolling rules that are not inconsistent with federal law.'" <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th

Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1151 (9th Cir. 2000)). "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 660 (2003)). Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135 (9th Cir.2001) (en banc) (quoting Collier v. City of Pasadena, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983)); see also Addison v. State, 21 Cal.3d 313, 319, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).

First, regarding timely notice to CFMG, Plaintiff largely repeats his arguments regarding notice to CFMG, which fail for the same reasons. See Pl. Supp. Br. 2-3. CFMG states that it received notice only with the service of the FAC. Def. Supp. Br. 3. Plaintiff does not argue that it provided CFMG with any actual notice of the claim against it, nor does it allege any facts suggesting that CFMG received any actual notice, prior to the filing of the FAC. Plaintiff instead argues that notice should be inferred or imputed to CFMG because "CFMG, at all relevant times, was an agent of Monterey County" and "worked hand-in-hand with the Jail, providing medical and mental health services to inmates." Pl. Supp. Br. 3. However, as discussed above, CFMG's contractual relationship with Monterey County alone is not sufficient to impute the County's knowledge to CFMG, particularly since the original Complaint centers on excessive force by the Monterey County Sheriff's Deputies and includes no allegations regarding the quality or level of medical services provided during Plaintiff's incarceration. Accordingly, Plaintiff did not meet his burden of showing that CFMG had notice of his original Complaint as required by California's equitable tolling doctrine.

Second, regarding lack of prejudice to the defendant in gathering evidence to defend against the added claim, CFMG does not argue that it would be unable to gather evidence in defending against the FAC. See Daviton, 241 F.3d at 1135 (finding that defendant city was not

9

prejudiced in gathering evidence to contest plaintiff's disability pension claim); see also Elkins v. Derby, 12 Cal.3d 410, 115 Cal.Rptr. 641 (1974) (finding "minimal" prejudice to defendant employer if claimant employee files a tort one year after the date of injury because the defendant "can identify and locate persons with knowledge of the events or circumstances causing the injury"). Instead, CFMG argues prejudice in the abstract since "it would fundamentally erode the company's entitled reliance on the definitive timeframe for claims." Def. Supp. Br. 3-4. Thus, CFMG has failed to show a likelihood of actual prejudice with respect to its ability to defend against the claim.

Third, regarding good faith and reasonable conduct by the Plaintiff, as discussed in the above section regarding Plaintiff's mistake in identity, there are no facts or evidence presented that contradict Plaintiff's contention that he was unaware of CFMG's role in the jail when he filed the original Complaint. See Pl. Opp. 7; Pl. Supp. Br. 5. Thus, the Court does not find a lack of good faith or unreasonable conduct by the Plaintiff.

Because there was no timely notice to CFMG in filing the first claim, equitable tolling does not apply and Plaintiff's claim against CFMG is barred by the statute of limitations.

### C. Appropriate Motion for Statute of Limitations

Plaintiff urges this Court to deny CFMG's motion and require CFMG to raise its statute of limitations defense by summary judgment motion. A statute of limitations defense may be raised by a motion for dismissal or by summary judgment motion. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." Id.; see also Graham v. Taubman, 610 F.2d 821 (9th Cir. 1979). When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. Jablon, 614 F.2d at 682. If the defense is not apparent on the face of the complaint and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. Id.

Plaintiff argues that certain evidence is needed regarding whether relation back is

10

appropriate. Pl. Opp. 1-2.  In particular, Plaintiff argues that additional evidence is necessary because "[w]hat the parties knew or whether they were mistaken should not be assumed from the face of the pleadings."  Pl. Opp. 7.  However, as discussed above, additional evidence is needed to determine whether the FAC relates back to the original Complaint.  The defense is apparent on the face of the pleadings.  Accordingly, the statute of limitations defense was properly raised by CFMG's motion to dismiss.

**V. CONCLUSION**

For the reasons stated above, the Court GRANTS the Motion to Dismiss.  The FAC against CFMG is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: 09/11/2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge