1 | **PICCUTA LAW GROUP, LLP**
2 | Charles Tony Piccuta, Esq. (#258333)
    Charles Albert Piccuta, Esq. (#56010)
3 | 400 West Franklin Street
    Monterey, CA 93940
4 | Telephone: (831) 920-3111
    Facsimile:  (831) 920-3112
5 | charles@piccutalaw.com

6 | Attorneys for Plaintiff
7 | John F. Dunham

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| JOHN F. DUNHAM, | ) CASE NO.: 18-cv-04467-AGT |
|---|---|
| Plaintiff, | ) **PLAINTIFF'S MOTION TO STRIKE SECTION IV. OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| COUNTY OF MONTEREY, et al., | ) Hearing Date: April 17, 2020 |
| Defendants. | ) Time: 10:00 a.m. |

Plaintiff, John F. Dunham ("Dunham"), by counsel, hereby moves to strike Defendants' new legal arguments in their Reply concerning Dunham's First Amendment retaliation count, and alleges as follows:

## I.     INTRODUCTION

Dunham acknowledges that Civil L.R. 7.3(d) requires prior Court approval before filing supplemental material, once a reply is filed. Expressly excepted from this rule are newly published judicial opinions and objections to new evidence. Civil L.R. 7.3(d)(1)–(2). By way of this Motion, Dunham does not seek to present new material. He instead asks the Court to strike

///

Plaintiff's Motion to Strike Section IV. of Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment – 18-cv-04467-AGT

1

from Defendants' Reply improper arguments made for the first time.  As such, Dunham requests that the Court consider this Motion, though leave to file the same has not been granted nor should be required.

## II.   LAW AND ARGUMENT

"Issues raised for the first time in the reply brief are waived."  *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (reiterating the general rule that parties "cannot raise a new issue for the first time in their reply briefs").  If a court does consider new argument, the adverse party must be given the opportunity to respond.  *Banga v. First USA, NA*, 29 F.Supp.3d 1270, 1276 (N.D. Cal. 2014).

In the present action, Defendants' moving papers on summary judgment did not address Dunham's First Amendment retaliation claim.  Green called the omission to the Court's attention in his Opposition papers, and Defendants now attempt to backdoor in new arguments in Section IV. of their Reply.  Defendants claim that it was nonsensical for Dunham to point out their failure to address the First Amendment retaliation claim. (Defs' Reply at 9:13–14.)  Defendants reason that Dunham failed to produce evidence to establish the elements of the claim.  (Defs.' Reply at 16–20.)  In doing so, Defendants exhibit a misunderstanding of the most basic principles of summary judgment practice, including the initial burden of production and the ultimate burden of persuasion—both of which fall on Defendants.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Pursuant to well-established law, Defendants' new arguments on First Amendment retaliation should be disregarded.  ***Defendants had their chance and decided not to address the issue in their moving papers. As such, it has been waived.***  Further, though they raise the matter in their Reply brief, they do not so much as cite to the record to support their position. This is undoubtedly because Defendants appreciate the impropriety of their actions and do not want to

Plaintiff's Motion to Strike Section IV. of Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment – 18-cv-04467-AGT

2

highlight them further by citing to new evidence.  As such, Plaintiff's Motion to Strike must be granted.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff, John Dunham, respectfully requests that the Court strike Section IV. of Defendants' Reply.

Dated: March 29, 2020                                          **PICCUTA LAW GROUP, LLP**

/s/        *C.T. Piccuta*
Charles Tony Piccuta
Attorney for Plaintiff
John Dunham