UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. DUNHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-04467-AGT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY DEADLINES**<br><br>Re: Dkt. No. 142 |

　　　　Before the Court is John Dunham's motion to continue the current expert discovery deadlines. At the motion hearing, Dunham confirmed that he won't be retaining a medical expert to testify at trial. He will instead be relying on the testimony of his treating physicians. Because of this choice, he has less control over the pace of expert discovery. He must wait to be seen and treated by medical providers who have busy schedules, schedules that have been further strained by Covid-19.

　　　　So that Dunham can be evaluated by the medical providers he is scheduled to see, the Court will allow a reasonable extension of the expert discovery deadlines. The parties are directed to meet and confer on a revised schedule, and to file their proposal with the Court, by February 3, 2021. On February 5, 2021, the Court will hold a further case management conference to address the proposal and the timing of trial.

　　　　　　　　　　　　　　　　　　　* * *

　　　　Also at the motion hearing, the Court asked the parties whether Dunham, under his remaining causes of action, will be able to seek damages for his physical injuries, including for future medical care. The parties submitted supplemental briefs on this issue after the hearing, and the Court conducted its own research. That research confirmed that this category of damages can

be recovered if Dunham prevails on his claims. *See Castro v. Cty. of Los Angeles*, 797 F.3d 654, 675–76 (9th Cir. 2015) (deliberate indifference claim; affirming damages award for past and future medical expenses), *incorporated in opinion on reh'g en banc*, 833 F.3d 1060, 1066 n.2 (9th Cir. 2016); *Davis v. Mason Cty.*, 927 F.2d 1473, 1479–83 (9th Cir. 1991) (*Monell* failure-to-train claim; affirming damages award that compensated for, *inter alia*, physical injuries); *Jackson v. Lombardi*, No. 09-CV-01016-WHA, 2010 WL 3834012, at *2–3 (N.D. Cal. Sept. 28, 2010) (same as *Davis*, but for First Amendment retaliation claim), *aff'd sub nom. Jackson v. City of Pittsburg*, 518 F. App'x 518 (9th Cir. 2013).

The defendants, in their supplemental brief, addressed topics that weren't responsive to the Court's question. *See* ECF No. 152 (discussing *Bivens* actions and raising administrative-exhaustion and causation defenses). The Court won't consider those topics here. If the defendants seek to pursue legal defenses that they haven't waived and that they haven't previously presented to the Court, they must request leave to raise them in a formally noticed motion.

**IT IS SO ORDERED.**

Dated: January 22, 2021

ALEX G. TSE
United States Magistrate Judge